(88 App. Div. 589.)

### STROMBERG v. TRIBUNE ASS'N.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. LIBEL—REFERENCE TO PERSON CHARGED—SUFFICIENCY.

A libel stating that two named individuals were guilty of a criminal offense, had been arrested, and held for trial, and that the D. case was "the case in which the man now under arrest appealed from a decision," was sufficiently made to appear to have been published of and concerning plaintiff by an allegation of the complaint that plaintiff was the person who had taken the appeal in the D. case.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Philip Stromberg against the Tribune Association. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry W. Sackett, for appellant.
Max D. Steuer, for respondent.

INGRAHAM, J. The complaint alleges that the defendant, a publisher of a newspaper in the city of New York, did, upon the 8th day of May, 1902, publish "of and concerning the plaintiff, the false, scandalous, and defamatory words and matter as follows." There is then set out in full the libel complained of. This publication is clearly a libel against those to whom it relates. The defendant, however, insists that, as the persons about whom this article was published are named in the article as persons other than the plaintiff, and as the plaintiff is not directly or indirectly referred to as

connected with the article, he has no cause of action. This article commences as follows:

"The strong arm of the law has at last laid hold of installment dealers, the story of whose dealings has been told in the Tribune. Isaac and Samuel Stromberg, two of the members of the largest and most powerful installment house of the Lower East Side, were yesterday arraigned before Magistrate Alfred E. Steers in the First District Court of Kings on a charge of extortion. * * * The warrants were originally made out for three persons, who appeared as Isaac Stromberg, John Doe, and Richard Roe. When the case was called, Gregorio Della Pia, who makes the charges, identified Samuel Stromberg as Richard Roe, and he was promptly arrested. The men were held in $500 bail for trial on Friday. Search for John Doe is now going on, but a member of the Legal Aid Society told a Tribune reporter last night that this person had been in hiding ever since the Tribune began its crusade. Della Pia's wrongs at the hands of the defendants, as told by himself in his affidavit, furnish an interesting comment on the manner in which the installment business has been carried on. His story is as follows."

It was then related that this complainant had purchased from Isaac Stromberg a watch and chain upon the installment plan, and Isaac Stromberg was the person identified as the one with whom the complainant had dealings. No charge is here made against any one except Isaac Stromberg. The article then, after forcible comments on the action of the newspaper, continues:

"Still another defeat has been sustained by the installment dealers in the courts. A decision was handed down late last week sustaining the decision of Justice Hoffman in the De Salvo case. This was the case in which Stromberg, the man now under arrest, appealed from a decision of two justices. The decision sustained Justice Roesch, whose opinion in the Lupia case was used as the basis of an attempt to prove he was unduly prejudiced, and therefore not qualified to sit in installment cases. The case was tried before Justice Hoffman, and a jury gave the verdict to the victim of the installment dealer."

And the complaint then alleges that "said article which describes this plaintiff as being the same person in the De Salvo case, in which Justice Hoffman handed down a decision last week, as being the man now under arrest, is false and defamatory and malicious, and plaintiff avers that he was not arrested on the day mentioned in said article, or held in Brooklyn to answer to the charge of extortion"; that the plaintiff Philip Stromberg "was the plaintiff in the action against one De Salvo referred to in said article, published by the defendant as alleged herein, but was not the same person as therein referred to as having been arrested, or held to answer a charge of extortion." In relation to this statement of the De Salvo case the article expressly states that the De Salvo case was the one in which Stromberg, "the man now under arrest," described in this libel as "Samuel Stromberg," had appealed from the decision of two justices, which decision had sustained one of the Municipal Court justices. This would seem to be a statement that this plaintiff was the man who was either arrested or who had been guilty of the offenses charged. There is nothing in the statement of the De Salvo case that would be libelous except the allegation that that was the case in which Stromberg, "the man now under arrest," appealed from a decision of two justices. That statement was not true, as the plaintiff in that case was the plaintiff in this action, and not the man who

was arrested. By this statement this plaintiff was directly connected with the person against who the criminal charges had been made.

It is quite clear that this article could not be said to be published of and concerning the plaintiff, but for the single statement that the parties who had been arrested and who were specified as the persons who had committed the offense charged were the plaintiffs in the De Salvo case, coupled with the allegation that the plaintiff in this action was the person who had taken the appeal in the De Salvo case. The libel complained of having charged that the two individuals named were guilty of a criminal offense, had been arrested for that offense, and held for bail, and that the plaintiff in the De Salvo case was the person who had been arrested, and who was referred to in the libel, and that the plaintiff in this action was the plaintiff in the De Salvo case, it was sufficient to sustain the complaint as a charge that this plaintiff was the person who was arrested and who had been guilty of the offenses there charged, and that this was a fact which so connected the plaintiff with the libel as justified the court upon demurrer in sustaining the complaint. To sustain this action it must appear that the libel complained of was published of and concerning the plaintiff. The libel, upon its face, relates only to Samuel and Isaac Stromberg, but it states that the person arrested was the plaintiff in the De Salvo case, and this, in effect, charged that the plaintiff in the De Salvo case was the person who had been arrested, and who had been found guilty of the offense charged. It was thus the plaintiff in the De Salvo case that was charged with being the individual who was arrested, and of and concerning whom the libel was published. For this reason we think that the court below correctly overruled the demurrer.

It follows that the judgment appealed from must be affirmed, with costs, with leave to the defendant to withdraw the demurrer and to answer upon payment of costs in this court and in the court below.

O'BRIEN and HATCH, JJ., concur.

McLAUGHLIN, J. (dissenting). I dissent. The article complained of charges that Samuel and Isaac Stromberg have been arrested and held in Brooklyn to answer a charge of extortion, and that Isaac Stromberg broke into a house. There is no reference in the article to the plaintiff, nor could a person, by reading it, connect him with it, either by inference or otherwise. The reference to the De Salvo case is only in connection with the statement that the unsuccessful party therein was "Stromberg, the man now under arrest"—clearly and unmistakably indicating either Samuel or Isaac. It requires a very vivid imagination, and one not based upon any facts stated in the complaint, or any inferences to be drawn from it, to say that this plaintiff, Philip Stromberg, is the person referred to.

VAN BRUNT, P. J., concurs.